UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY,<br><br>               Plaintiff,<br>    v.<br><br>A&E ELITE CONSTRUCTION LLC,<br><br>               Defendant. | CASE NO. C24-2078JLR<br><br>ORDER |

## I.  INTRODUCTION

Before the court is Plaintiff Atlantic Casualty Insurance Company's ("Atlantic") motion for default judgment against Defendant A&E Elite Construction LLC ("A&E"). (Mot. (Dkt. # 14); Compl. (Dkt. # 1).)  A&E did not respond to the motion. (*See generally* Dkt.)  The court has reviewed Atlantic's motion, the relevant portions of the record, and the governing law.  Being fully advised, the court GRANTS Atlantic's motion for default judgment.

## II. BACKGROUND

Atlantic brings a single claim against A&E seeking a legal declaration that it has no duty to indemnify A&E for any damages awarded against A&E in an underlying suit between A&E and third party 14310 Greenwood Ave. LLC ("Greenwood"). (Compl. ¶¶ 24-27.) Atlantic, a foreign insurance company, issued a commercial general liability insurance policy to A&E effective for one year beginning February 10, 2023. (*Id*. ¶ 17; Moses Decl. (Dkt. # 15) ¶ 5, Ex. D.) In October 2021 Greenwood hired A&E to renovate a commercial property in Seattle (the "Property"). (Compl. ¶ 6.) Although A&E performed the work, the Property subsequently failed mechanical and framing inspections. (*Id*. ¶ 8.) A&E also performed plumbing work without a permit or licensed plumber. (*Id*.) Following an inspection by an independent contractor that identified additional deficiencies, Greenwood filed a civil action against A&E in King County Superior Court in December 2023 (the "Underlying Lawsuit") alleging breach of contract, unjust enrichment, and breach of implied duty of good faith and fair dealing. (*Id*. ¶¶ 10, 12-13.)

Greenwood obtained a default judgment against A&E in the Underlying Lawsuit on February 21, 2024, in the amount of $341,463 plus post-judgment interest at 12%. (*Id*. ¶ 15.) Greenwood also asserted consequential damages amounting to $965,506.67 and, thus, the total judgment against A&E in the Underlying Lawsuit may equal or exceed $1,306,969.00. (*Id*.) The final amount is pending submission of further evidence and a determination by the King County Superior Court. (*Id*.) Atlantic learned of the Underlying Lawsuit and default judgment against A&E from counsel for Greenwood in

March 2024. (*Id*.) On December 16, 2024, Atlantic initiated the instant suit seeking declaratory relief under 28 U.S.C. § 2201. (*Id.* ¶ 25.)

On April 4, 2025, Atlantic moved in this action for entry of default against A&E and Greenwood, which Atlantic had named only as an interested party. (*See id.* at 1; MED (Dkt. # 9) at 2.) On April 8, 2025, the court authorized the clerk to enter default against A&E and ordered Atlantic to show cause why entry of default against Greenwood was appropriate. (4/8/25 Order (Dkt. # 11); Entry of Default (Dkt. # 12).) On April 14, 2025, Atlantic withdrew its motion for entry of default against Greenwood. (4/14/25 Not. (Dkt. # 13).) On November 10, 2025, Atlantic filed the instant motion for entry of default judgment against A&E. (Mot.) The court now considers the merits of Atlantic's motion.

### III.    ANALYSIS

Below, the court considers its jurisdiction over this action, sets forth the legal standard for evaluating a motion for default judgment, and determines whether Atlantic have satisfied the requirements for entry of default judgment against A&E.

**A.    Jurisdiction**

As a preliminary matter, a court evaluating a motion for default judgment "has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The court concludes that it has jurisdiction to decide Atlantic's motion.

First, the court has diversity jurisdiction over this action because there is complete diversity between the parties and the amount in controversy is over $75,000. (Compl.

¶ 4); 28 U.S.C. § 1332 (setting forth that district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states).  Second, the court has federal question jurisdiction over this action because Atlantic seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.  (Compl. ¶ 25); 28 U.S.C. § 1331 (providing that district courts have original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States").  Finally, the court has personal jurisdiction over the parties because Atlantic has consented to personal jurisdiction and A&E is a Washington limited liability company engaged in work in Washington, and whose principal place of business is in Marysville, Washington. (Compl. ¶ 2.)  Thus, the court has jurisdiction to decide Atlantic's motion.

**B.    Legal Standard**

Federal Rule of Civil Procedure 55(b)(2) authorizes the court to enter default judgment against a defaulted defendant upon the plaintiff's motion.  Fed. R. Civ. P. 55(a), (b)(2).  After the court enters default, the well-pleaded factual allegations in the complaint, except those related to damages, are considered admitted and are sufficient to establish a defendant's liability.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).  Entry of default judgment is left to the court's sound discretion.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In exercising its discretion, courts in the Ninth Circuit consider the seven "*Eitel* factors":  (1) the possibility of prejudice to the plaintiff if relief is denied; (2) the substantive merits of the plaintiff's claims; (3) the sufficiency of the claims raised in the complaint; (4) the sum of money at stake in relationship to the

defendant's behavior; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the preference for decisions on the merits when reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). If the court determines that default judgment is appropriate, it must then determine the amount and character of the relief that should be awarded. *See TeleVideo*, 826 F.2d at 917-18.

**C.      The *Eitel* Factors**

The *Eitel* factors weigh in favor of the court granting Atlantic's motion for default judgment.

    1.   Possibility of Prejudice to Atlantic

The first factor favors default judgment. Under the first *Eitel* factor, the court considers whether the plaintiff will suffer prejudice if default judgment is not entered. *See PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Without default judgment, Atlantic will suffer prejudice because it will "be denied the right to judicial resolution" of its claims and will be "without other recourse for recovery." *Elektra Ent. Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005). Thus, the first *Eitel* factor weighs in favor of entering default judgment.

    2.   Substantive Merits and Sufficiency of the Complaint

The second and third factors favor default judgment. "The second and third *Eitel* factors—the substantive merits of the plaintiff's claim and the sufficiency of the plaintiff's complaint—are often analyzed together." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citing *PepsiCo*, 238 F. Supp. 2d at 1175).

1   For these factors to weigh in favor of default judgment, the complaint's allegations must
2   state a claim for relief.  *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).  A
3   complaint satisfies this standard when it "contain[s] sufficient factual matter, accepted as
4   true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S.
5   662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 570 (2007)).  At the
6   default judgment stage, the court "must take the well-pleaded factual allegations [in the
7   complaint] as true" but "necessary facts not contained in the pleadings, and claims which
8   are legally insufficient, are not established by default."  *Cripps v. Life Ins. Co. of N. Am.*,
9   980 F.2d 1261, 1267 (9th Cir. 1992); *see also DIRECTV, Inc. v. Huynh*, 503 F.3d 847,
10  854 (9th Cir. 2007) (declining to take as true "allegations that parrot the language of" the
11  relevant statute).

12          Here, Atlantic seeks declaratory relief.  (Mot. at 1-2.)  The Declaratory Judgment
13  Act requires that a party seeking declaratory relief allege (1) an actual controversy
14  (2) regarding a matter within the federal subject matter jurisdiction.  28 U.S.C. § 2201(a).
15  A request for declaratory relief alleges an actual controversy when the request is "definite
16  and concrete, touching the legal relations of parties having adverse legal interest," and
17  when it allows for specific and conclusive relief.  *Aetna Life Ins. Co. v. Haworth*, 300
18  U.S. 227, 240-41 (1937).  Insurers often seek declaratory relief to determine their rights
19  and obligations under an insurance policy.  *See United States v. Transp. Indem. Co.*, 544
20  F.2d 393, 395 (1976).

21          First, the court has jurisdiction over this matter under 28 U.S.C. § 1331 because
22  Plaintiff's claim arises under a federal statute, namely the Declaratory Judgment Act,28

U.S.C. § 2201.  Second, Atlantic's request for a declaration that Atlantic no longer has a duty under the insurance policy because A&E violated relevant provisions and neglected its duty to provide notice is sufficiently "definite and concrete" to plead an actual controversy.  (*See* Compl.); *see Aetna Life Ins. Co.*, 300 U.S. at 240.  The threshold requirements for declaratory relief are therefore satisfied.

Atlantic also sufficiently states a claim for a declaratory judgment that it is under no obligation to indemnify A&E in the Underlying Lawsuit because A&E breached the policy.  Atlantic alleges that A&E violated the policy's terms pertaining to coverage of bodily injury and property damage liability and the policy's requirement that A&E provide notice to Atlantic about the facts giving rise to the Underlying Lawsuit.  (Compl. ¶¶ 17-23.)  Atlantic further asserts that A&E did not appear in the Underlying Lawsuit and A&E did not tender a defense of the Underlying Lawsuit to Atlantic.  (*Id*. ¶¶ 14, 22.)  Thus, Atlantic argues that A&E's failures to abide by the terms of the policy relieve Atlantic of a duty to indemnify A&E for any damages awarded against A&E in the Underlying Lawsuit.  (*Id*. ¶ 25.)  Because Plaintiff sufficiently states a claim for relief, the second and third *Eitel* factors favor entering default judgment.

    3. <u>Sum of Money at Stake</u>

The fourth factor weighs against default judgment.  Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of [A&E's] conduct."  *PepsiCo*, 238 F. Supp. 2d at 1176.  When the money at stake in the litigation is substantial, default judgment is discouraged.  *See Eitel*, 782 F.2d a 1472.  Here Atlantic seeks non-monetary relief in the form of a declaratory judgment that

Atlantic is under no obligation to indemnify A&E for any damages awarded against it in the Underlying Lawsuit. (Mot. at 1-2.) Where the plaintiff's claim is for declaratory relief rather than for money damages, some courts have found that this factor weighs in favor of granting default judgment. *PepsiCo, Inc.*, 238 F. Supp.2d at 1176-77 (finding that, because the plaintiff sought non-monetary damages, the fourth *Eitel* factor favors granting default judgment). Where the declaratory relief sought implicates the parties and merits of a separate action, however, courts have considered the amount at stake in that separate action while weighing the *Eitel* factors. *United Fin. Cas. Co. v. Rapid Age Grp. LLC*, No. C23-6068DGE, 2024 WL 2325277, at *4 (W.D. Wash. May 22, 2024) (compiling cases). Here, although the court finds that the type and amount of relief requested is proportional to the seriousness of the underlying action, the amount of money at stake in the Underlying Lawsuit is nevertheless substantial. (Compl. ¶ 15 (alleging that the total judgment against A&E "may equal or exceed $1,306,969.00").) Accordingly, this factor weighs against default judgment.

    4. <u>Possibility of a Dispute over Material Facts</u>

  The fifth factor weighs in favor of default judgment. Courts evaluating the fifth *Eitel* factor "consider[] the possibility of dispute as to any material facts in the case." *PepsiCo*, 238 F. Supp. 2d at 1177. "When default has been entered, courts find that there is no longer the possibility of a dispute concerning material facts because the court must take the plaintiff's factual allegations as true." *Curtis*, 33 F. Supp. 3d at 1212. Because default has already been entered against A&E the court concludes that the fifth *Eitel* factor weighs in favor of default judgment. (*See* Entry of Default).

                5. Excusable Neglect

The sixth factor weighs in favor of default judgment. Under the sixth *Eitel* factor, courts consider the possibility that the defendant's default resulted from excusable neglect. *PepsiCo*, 238 F. Supp. 2d at 1177. Atlantic provided evidence that A&E was properly served (*see* Service Aff. (Dkt. # 7)); the Clerk entered default against A&E (*see* Entry of Default); and there is no evidence in the record that would support a finding that A&E's failure to answer or respond is the result of excusable neglect. Accordingly, the court concludes that the sixth *Eitel* factor weighs in favor of default judgment.

                6.  Policy Favoring Decisions on the Merits

The final factor weighs against default judgment. "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Where, as here, a defendant fails to appear or defend itself in the action, however, the policy favoring decisions on the merits is not dispositive. *PepsiCo*, 238 F. Supp. 2d at 1177. Therefore, the court concludes that the seventh *Eitel* factor does not preclude entry of default judgment.

Consequently, because the majority of *Eitel* factors either favor or do not weigh against entry of default judgment, the court concludes that default judgment is appropriate here.

**D.    Requested Relief**

Having determined that the *Eitel* factors favor entry of default judgment, the court now turns to the question of remedies. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the [complaint]." Fed. R. Civ. P. 54(c); *see*

*Fong v. United States*, 300 F.2d 400, 413 (9th Cir. 1962). Furthermore, Atlantic must submit "a declaration and other evidence establishing [the] plaintiff's entitlement to a sum certain and to any nonmonetary relief sought." Local Rules W.D. Wash. LCR 55(b)(2) (setting forth the requirements for a plaintiff moving for default judgment to succeed).

    Here, Atlantic's request for default judgment does not differ in kind from the relief requested in the complaint. (*Compare* Prop. Order (Dkt. # 17) (seeking a declaration that Atlantic "does not, and will not, owe an obligation to indemnify A&E for any damages that have been or may be awarded against A&E in the Underlying Lawsuit"); *with* Compl. at 9 (same).) In addition, Atlantic filed a declaration setting forth facts supporting its request for declaratory relief. (*See* Henegar Decl. (Dkt. # 16) ¶¶ 2-6 (stating that Atlantic had no knowledge of Greenwood's claims against A&E until after Greenwood had obtained default judgment against A&E in the Underlying Lawsuit).) Therefore, the court finds that Atlantic is entitled to a declaratory judgment that it is under no obligation to indemnify A&E in the Underlying Lawsuit.

//

//

//

//

//

//

//

## IV.  CONCLUSION

For the foregoing reasons, the court GRANTS Atlantic's motion for entry of default judgment (Dkt. # 14) against A&E.  The court DECLARES that Atlantic does not, and will not, owe an obligation to indemnify A&E for any damages that have been or may be awarded against A&E in the Underlying Lawsuit.

Dated this 25th day of November, 2025.

JAMES L. ROBART
United States District Judge